IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LOCKHART,<br><br>    Petitioner,<br><br>  vs.<br><br>TONY HEDGEPETH, Warden,<br><br>    Respondent. | No. C 07-5762 JSW (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(Docket No. 4) |

      Petitioner, a prisoner of the State of California, currently incarcerated at Pelican Bay State Prison, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2003 state court conviction for murder with special circumstances. Petitioner states that at the time he filed the instant federal habeas petition, he had a petition, appeal, or other post-conviction proceeding pending in the California Supreme Court. (Petition at 5.)

      This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where

the allegations in the petition are vague, conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court. *See* 28 U.S.C. § 2254(b)-(c); *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). If a post-conviction challenge to a criminal conviction is pending in state court, a potential federal habeas petitioner must await the outcome of that challenge before his state remedies are considered exhausted. *See id.* This rule applies irrespective of whether the issue raised in the pending state petition is included in the federal petition, for the reason that a pending state court challenge may result in a reversal of the petitioner's conviction, thereby mooting the federal petition. *See id.* (citations omitted).

As Petitioner has a petition, appeal or other post-conviction proceeding pending in the California Supreme Court, the instant petition for a writ of habeas corpus is hereby DISMISSED, without prejudice to Petitioner's refiling his claims after all state court post-conviction challenges to petitioner's conviction have been completed and all claims petitioner wishes to raise in federal court have been exhausted in accordance with 28 U.S.C. § 2254(b)-(c). See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

In light of petitioner's lack of funds, the application to proceed in forma pauperis is hereby GRANTED.

The Clerk shall close the file. This order terminates Docket No. 4.

IT IS SO ORDERED.

DATED: April 3, 2008

JEFFREY S. WHITE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ERIC LOCKHART,

    Plaintiff,

v.

TONY HEDGPETH et al,

    Defendant.

Case Number: CV07-05762 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric Lockhart V-17246
Kern Valley State Prison
P.O. Box 5102
Delano, CA 93216

Dated: April 3, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk